**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel JACINTO–SOTELO, a.k.a.**
**Thomas Saldana–Guillermo,**
**Defendant–Appellant.**

No. 07–10425.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2008.

Filed Aug. 18, 2008.

Robert L. Ellman, Office of the U.S. Attorney, Las Vegas, NV, Elizabeth A. Olson, U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and

FAIRBANK *, District Judge.

MEMORANDUM **

Miguel Jacinto–Sotelo, a federal prisoner, appeals from the district court's denial of his motion to suppress evidence obtained from a search of his car. He argues that the police officers lacked probable cause to search his vehicle.

Police officers may conduct a warrantless search of a vehicle if they have probable cause to believe the vehicle contains contraband. *United States v. Pinela–Hernandez,* 262 F.3d 974, 977–78 (9th Cir. 2001). For a police officer to have probable cause to conduct a search, there must be a " 'fair probability' that contraband or evidence is located in a particular place." *United States v. Kelley,* 482 F.3d 1047, 1050 (9th Cir.2007) (quoting *Illinois v. Gates,* 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). The "fair probability" inquiry is a " 'commonsense, practical question' " that is based on the totality of the circumstances, including reasonable inferences. *Id.* (quoting *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir.2006) (en banc)).

Jacinto–Sotelo argues that the police officers did not have probable cause to search his car because their confidential informant was a first-time informant with no track record, and Jacinto–Sotelo's conduct did not corroborate the information provided by the informant because he drove to the arranged meeting location for the drug purchase, but did not stop until he had driven around the corner.

The information provided by the informant was sufficiently reliable to support probable cause. The police officers knew the informant's identity, they had already corroborated some of the information he had provided them, and the informant explained that he knew Jacinto–Sotelo to be a source for drugs because the informant had previously purchased drugs from Jacinto–Sotelo. *See United States v. Rowland,* 464 F.3d 899, 907–08 (9th Cir.2006) (identifying indicia of reliability for informants' tips). Further, the officers had monitored telephone calls orchestrating the planned drug deal between Jacinto–Sotelo and the informant, which provided additional corroboration. Jacinto–Sotelo drove directly from his home to the arranged meeting location. That he drove past and parked nearby does not affect the officer's probable cause to believe he was carrying drugs.

Because we find that probable cause existed to search the vehicle, we need not reach the district court's alternative holding that Jacinto–Sotelo's consent to the search was voluntary.

**AFFIRMED.**

---

* The Honorable Valerie Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.